UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOODS, | No. 2:20-cv-0416-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DAVID BAUGHMAN, et al., | |
| Defendants. | |

Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. He has filed an amended complaint (ECF No. 14) which the court must screen.

<u>Screening</u>

I.   <u>Legal Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and

1  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
2  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
3  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
4  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
5  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
6  U.S. 662, 679 (2009).
7       To avoid dismissal for failure to state a claim a complaint must contain more than "naked
8  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
9  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
10 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
11 678.
12      Furthermore, a claim upon which the court can grant relief must have facial plausibility.
13 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
14 content that allows the court to draw the reasonable inference that the defendant is liable for the
15 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
16 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
17 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
18 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
19     II.    <u>Analysis</u>
20         A.    <u>Background</u>
21     As in his previous complaint, plaintiff's claims primarily arise out of an incident that
22 occurred on January 8, 2017 in which another inmate stabbed him with a pen.  ECF No. 14 at 5.
23 He alleges that, in the aftermath of that injury, defendant Carlson – the escorting correctional
24 officer – declined to allow medical staff to fully examine him and told staff that plaintiff was
25 "ok."  *Id.*  Subsequently on that same day, plaintiff asked another officer - defendant Anderson –
26 for medical attention.  *Id.* at 5-6.  Anderson told plaintiff that he had informed medical staff, but
27 plaintiff claims he was never seen.  *Id.* at 6.  Later that day, plaintiff saw defendant Benito (a
28 /////

1  nurse), showed him facial injuries from the pen stabbing, and asked to see a doctor. *Id.* Benito
2  offered to get him a medical form, but plaintiff did not see a doctor on that day. *Id.*

3        On January 11, 2017, plaintiff saw defendant Hanson, a clinician, and explained that he
4  needed to be placed on single-cell status as a consequence of his safety concerns. *Id.* He alleges
5  that Hanson exhibited racial prejudice against him (plaintiff is African-American) and falsely
6  wrote down that plaintiff was suicidal. *Id.* It is unclear how plaintiff was ultimately harmed by
7  this false notation or how it relates to his aforementioned claim about lack of medical attention
8  for his stab wounds. He further alleges that defendants Holliday and Franceschi – Hanson's
9  superiors – covered up her misconduct. *Id.* at 10.

10        On January 29, 2017, plaintiff saw defendant Illa – a physician – and showed him the
11  severity of his facial stab wounds. *Id.* at 7. Illa allegedly told plaintiff that he would not treat the
12  stab wounds because plaintiff had been called to medical for other issues – chronic pain and toe-
13  nail fungus. *Id.*

14        On January 30, 2017, plaintiff saw defendant Lim – a nurse – and again sought treatment
15  for the stab wounds. *Id.* Lim allegedly ignored plaintiff and told him he could return to his cell.
16  *Id.* Hours later, plaintiff saw defendant Soltanian – a physician – and the latter removed a
17  fragment of the pen from plaintiff's face. *Id.* Plaintiff alleges that he told Soltanian that there
18  was another fragment and pointed to a lump on his face. *Id.* Soltanian allegedly became
19  belligerent, told plaintiff that the lump was merely an abscess, and declined plaintiff's request for
20  an x-ray. *Id.*

21        On February 2, 2017, defendant Kelly – a nurse – submitted a chrono which plaintiff
22  alleges falsely described him as "self-harming" and intimated that his facial injuries were, at least
23  in part, self-inflicted. *Id.* at 8. He alleges that Kelly went so far as to allege that plaintiff had
24  injured himself in order to provoke a lawsuit and that plaintiff had a drug-use problem. *Id.*

25        Separately, he alleges that defendant Soltanian exhibited racial animus against him and,
26  based thereon, revoked a prescription for plaintiff's toe-nail fungus, which caused plaintiff
27  extreme pain. *Id.* at 9.

28  /////

B.  <u>Viability of Claims</u>

The court finds that, based on the claims alleged, plaintiff has stated potentially cognizable claims for Eighth Amendment deliberate indifference to medical needs against defendants Carlson, Illa, Lim, and Soltanian based on their alleged failure to treat his stab wounds.  For the reasons stated hereafter, the court finds that all other claims should be dismissed without prejudice.

First, with respect to plaintiff's claims regarding the false information entered into his records by Hanson and Kelly, the court finds this claim insufficiently related to his primary claim (failure to treat his stab wounds) to proceed in this action.  Multiple claims against more than one defendant belong in separate suits.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits . . . .").  The court thus necessarily recommends dismissal of the claims against defendants Holliday and Franceschi who are involved only in this unrelated claim.

Second and similarly, the court also finds the claim that Soltanian revoked a prescription for his toe-nail fungus based on racial animus unrelated to his primary claim and will recommend its dismissal as well.

Third, the court finds that plaintiff's claims against Anderson and Benito are insufficient to state a cognizable claim for Eighth Amendment deliberate indifference.  As noted in its previous screening order, to state an Eighth Amendment claim predicated on allegedly deficient medical care, a plaintiff must allege facts showing that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Here, plaintiff has not sufficiently alleged that either Anderson or Benito's responses to his medical needs was deliberately indifferent.  As noted *supra*, with respect to both defendants he alleges that: (1) he informed them of his needs; (2) they

4

indicated that they would either tell medical staff or provide him a method for alerting them of his needs; and (3) despite their assurances, he was not seen by a provider on the day in question. Plaintiff has not alleged that either Anderson or Benito knew that their actions would be fruitless in procuring plaintiff medical aid. It may be, for instance, that Anderson told medical staff about plaintiff's needs and those medical providers – by reasons of negligence, perhaps – failed to heed his request. Similarly, there is no indication that Benito offered plaintiff the medical form in bad faith or with the knowledge that it would not summon the medical help he needed.

<u>Conclusion</u>

Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that:

1. Plaintiff be allowed to proceed with his Eighth Amendment claims for deliberate indifference based on failure to treat his stab wounds against defendants Carlson, Illa, Lim, and Soltanian;

2. All other claims in the complaint be DISMISSED without prejudice for the reasons stated supra; and

3. If these recommendations are adopted, the matter be referred back to the magistrate judge so that service may be initiated for defendants Carlson, Illa, Lim, and Soltanian.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 25, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE