UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY GOODS,

      Plaintiff,

  v.

CARSON, *et al.*,

      Defendants.

Case No.  2:20-cv-0416-DAD-JDP (P)

ORDER

On December 5, 2023, I found that plaintiff had, for screening purposes, stated a viable Eighth Amendment denial of medical care claim against defendant Benito.  ECF No. 101 at 1. An attempt to serve this defendant was unsuccessful, however.  ECF No. 112.  On November 13, 2024, I ordered plaintiff to provide additional information that could be used to serve defendant Benito.  ECF No. 122.  Plaintiff submitted service documents for Benito on January 21, 2025, but failed to provide any new information.  ECF No. 128.  On November 4, 2025, I directed plaintiff to, within thirty days, submit properly completed service documents that would enable service for this defendant.  ECF No. 131.  On December 15, 2025, plaintiff filed a motion for extension of time, ECF No. 133, wherein he acknowledges that additional information is needed to serve Benito, and states that he has given the United States Marshal instructions (or advisement) to seek Benito's information from the California Department of Corrections and Rehabilitation.  *Id.* at 1.

1

The United States Marshal is not plaintiff's investigative service, however, and will not undertake to gather information on his behalf. *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for pro se litigants."). More than two years have now passed since summons for Benito were returned unexecuted, and the prospect of service for this defendant now appears remote. Plaintiff does not indicate that he has, or is likely to have, new service information and, thus, I will deny his motion for extension of time.

I now notify plaintiff that if a defendant is not served within ninety days after a complaint is filed, the court must, after notice to the plaintiff, dismiss the claims against that defendant without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* As the Ninth Circuit has explained, "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m) and *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995)). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id.*

Good cause appearing, plaintiff is granted an additional thirty days to provide sufficient identification to serve Benito. Should plaintiff fail to do so, I will recommend that his claims against her be dismissed for failure to meet the requirements of Rule 4(m).

It is ORDERED that plaintiff's motion for extension of time, ECF No. 133, is DENIED. If he fails to provide information that may be used to serve Benito within thirty days of this order's entry, I will recommend that his claims against her be dismissed without prejudice. IT IS SO ORDERED.

Dated:    March 16, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2